**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH H. DUEHRING,

    *Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant*.
_____/

CASE NO. 20-10053

DISTRICT JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE PATRICIA T. MORRIS

**REPORT AND RECOMMENDATION TO DISMISS THE CASE FOR FAILURE TO PROSECUTE AND FOR FAILURE TO PAY FILING FEE AS ORDERED**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be **DISMISSED** for Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and Eastern District of Michigan Local Rule 41.2.

**II.    REPORT**

    **A.  Background**

Plaintiff Kenneth H. Duehring—who appears before this Court *pro se*—filed suit against the Commissioner of Social Security on January 8, 2020, seeking review of the denial of his application for benefits under the Social Security Act. (ECF No. 1.) Plaintiff's complaint was filed without payment of a filing fee or an application to proceed *in forma pauperis*. On January 27, 2020, the undersigned issued an Order directing Plaintiff to pay

the filing fee or submit an application to proceed without costs. (ECF No. 8.)[1] The Order notified Plaintiff that he was responsible for correcting the deficiency by February 12, 2020, and warned that failure to do so could result in denial of his application. (*Id*.) February 12, 2020 came and went with no response from Plaintiff. As of May 6, 2020, Plaintiff has not paid his filing fee, filed an appropriate application to proceed without payment, or had any further communication with the Court.

This matter is before the undersigned Magistrate Judge by order of reference for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (ECF No. 4.)

### B. Discussion

#### 1. Failure to prosecute

Federal courts may *sua sponte* dismiss a complaint where the plaintiff fails to prosecute or comply with the court's orders under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. Additionally, LR 41.2 provides that when "the parties have taken no action for a reasonable time, the court may,

---

[1] On January 21, 2020, a Report and Recommendation was filed in this case by the undersigned Magistrate Judge recommending that the case be dismissed for lack of subject matter jurisdiction, or, failure to exhaust administrative remedies. (ECF No. 6.) However, on January 22, 2020, an Order was filed by the undersigned Magistrate Judge vacating that Report and Recommendation. (ECF No. 7.)

on its own motion after reasonable notice . . . enter an order dismissing or remanding the case unless good cause is shown."

The Sixth Circuit is guided by four factors in determining whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted).

In this case, the majority of the factors counsel dismissal. First, Plaintiff's failure to execute his duties or comply with the court's order evidences at least fault, if not also willfulness or bad faith. He has failed to comply with Court orders. (ECF No. 8.) In fact, Plaintiff has been entirely absent in the case since his initial filing several months ago, in January 2020. (ECF No. 1.)

It is true that when a Plaintiff is proceeding pro se, his filings and arguments are liberally construed in his favor. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Indeed, "[w]here, as here, the Plaintiff is proceeding *pro se*, the Court considers that such a litigation 'may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training[.]'" *Brinkley v. Comm'r of Soc. Sec.*, No. 14-13560, 2015 WL 1637598, at *2 (E.D. Mich. Apr. 13, 2015) (quoting *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)). However, "'there is no cause for extending this margin to

3

straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.'" *Id.*; *see also Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (dismissing a *pro se* litigant's case with prejudice); *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) ("[T]he Court must . . . balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines.").

As for the second factor, since the court has no reason to believe Defendant is aware of this suit, Plaintiff's failure to prosecute does not seem to have caused Defendant any special prejudice. This factor does not weigh in favor of dismissal. But should this case continue, without any response from Plaintiff and with continuing delays, the case's survival would undoubtedly impose some modicum of prejudice on Defendant.

The third factor weighs heavily against Plaintiff, as he was warned that refusal to comply with the Court's January 27, 2020 Order to pay his filing fee in full or submit an application to proceed without costs could result in a recommendation that the case be dismissed. (ECF No. 8.)

Finally, as Plaintiff has been absent from this case since his initial filing in January 2020, several months ago, and has been warned that his continued absence could result in dismissal, it is unclear that a sanction less than dismissal would have any impact. In light of the above factors, I suggest this case is suitable for dismissal under Rule 41(b).

4

### III. <u>REVIEW</u>

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1,"

5

"Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 7, 2020

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Kenneth H. Duehring at 4478 S. Linden Rd., Flint, MI 48507.

Date: May 7, 2020

By s/Kristen Castaneda
Case Manager